UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LAVOY STEED, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 4:17CV1440 HEA |
| ) | |
| MISSOURI STATE HIGHWAY ) | |
| PATROL, et al., ) | |
| ) | |
| Defendants, ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Partial Motions to Dismiss made by three Defendants: the Missouri State Highway Patrol [Doc. No. 63], J.A. Ashby [Doc. No. 65], and Brent Fowler [Doc. No. 67]. Defendant Missouri State Highway Patrol ["MSHP"] moves to be dismissed as a defendant from Counts I-VI of Plaintiff's Second Amended Complaint ["SAC"] [Doc. No. 54]. Defendants J.A. Ashby and Brent Fowler both move to be dismissed in their official capacity from Counts I-VI of the SAC, and also to be dismissed in their personal capacity from Count V of the SAC. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are granted.

Additionally, Defendants MSHP's, Ashby's, and Fowler's previous Motions to Dismiss the First Amended Complaint [Doc. No's. 34, 36, and 38, respectively] will be denied as moot by the filing of the SAC.

**Plaintiff's Second Amended Complaint**

The essential facts alleged in the SAC are as follows:

On May 11, 2014 Plaintiff Lavoy Steed was killed when the vehicle in which he was traveling as a passenger crashed during a high-speed police chase.

Counts I-IV and VI each allege a violation of constitutional rights actionable under § 1983, "against all defendants." Count V alleges a violation of municipal liability pursuant to *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), "against all defendants." Counts VII and VIII, which are not at issue here, allege negligence under Missouri statute.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## Discussion

**Proper parties to a § 1983 action**

Section 1983 of Title 42 provides, "[e]very person who, under color of [law] causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable...."

"Section 1983 provides a cause of action against 'persons' only." *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir.1991). For purposes of § 1983, a state is not a "person." *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). *See also Aubuchon v. State of Mo.*, 631 F.2d 581, 582 (8th Cir. 1980) ("[Section] 1983 is directed at individuals acting under color of state law, not individual states. The State of Missouri is not a proper party to an action brought under §1983.")

Suit against a state instrumentality qualifies an action against the state itself, and therefore, for purposes of § 1983, a state agency or instrumentality is not a "person." *See Stanton v. Johnson*, 13 Fed. Appx. 441, 441 (8th Cir.2001) ("[A]bsent waiver of Eleventh Amendment immunity, neither state nor its agencies may be subject to suit in federal court.") (*citing Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)).

Finally, a § 1983 claim cannot generally be brought against a state official in their "official" capacity. The Supreme Court has clearly stated that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. However, § 1983 suits can be brought against state officials acting in their "individual" (or "personal") capacity.

**Application of these principles to Defendants' Motions**

Defendant MSHP argues that Counts I-VI should be dismissed as to it because it is a state agency and therefore not subject to liability under § 1983. Indeed, the MSHP is an instrumentality of the state of Missouri, thus a suit against the MSHP qualifies as an action against the state. Plaintiffs cannot bring a § 1983 suit against the MSHP because they are not "persons" under § 1983. Counts I-VI against Defendant MSHP will be dismissed.

Defendants Ashby and Fowler assert that the claims made against them "in their official capacity" in Counts I-VI should be dismissed. As officers of the MSHP, Ashby and Fowler are state officials and may not be sued under § 1983 in their official capacities. The claims made against Ashby and Fowler in their official capacities in Counts I-VI will be dismissed.

For Count V, Ashby and Fowler also move to dismiss the claims made against them in their personal capacities. Count V alleges *Monell* liability. In *Monell*, the Supreme Court clarified that local governmental entities and officials

do qualify as "persons" and therefore may be sued under § 1983 if it is alleged that an official policy or custom "is responsible for a deprivation of rights protected by the Constitution." 436 U.S. at 690–92. *Monell* is relevant only when bringing a §1983 action against a local government, a local governmental entity, or a local government official in their official capacity. As state officials, neither Ashby nor Fowler is subject to *Monell* liability. The claims made against Ashby and Fowler in their personal capacities in Count V will be dismissed.

The claims made against Ashby and Fowler in their personal capacities in Counts I-IV and VI remain.

## Conclusion

Defendants' position as to their improper inclusion in certain § 1983 claims, described in the foregoing, are well taken. With respect to the specific Defendants and specific Counts enumerated here, no liability under § 1983 is legally possible. Defendants' Partial Motions to Dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri State Highway Patrol's Motion to Dismiss Counts I-VI of the Second Amended Complaint [Doc. No. 63] is granted.

**IT IS FURTHER ORDERED** that Defendant J.A. Ashby's Motion to Dismiss Counts I-VI of the Second Amended Complaint in his official capacity

and Count V of the Second Amended Complaint in his personal capacity [Doc. No. 65] is granted.

**IT IS FURTHER ORDERED** that Defendant Brent Fowler's Motion to Dismiss Counts I-VI of the Second Amended Complaint in his official capacity and Count V of the Second Amended Complaint in his personal capacity [Doc. No. 67] is granted.

**IT IS FURTHER ORDERED** that Defendants MSHP's, Ashby's, and Fowler's previous Motions to Dismiss the First Amended Complaint [Doc. No's. 34, 36, and 38, respectively] will be denied as moot.

Dated this 8th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE